UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

SCOTT MEIDE,

    Plaintiff,

vs.
                                              Case No. 3:18-cv-1037-J-34MCR

PULSE EVOLUTION CORPORATION,
et al.,

    Defendants.
_____/

# O R D E R

**THIS CAUSE** comes before the Court sua sponte. On August 27, 2018, Plaintiff initiated this action, pro se, by filing a seven-count Complaint for Damages (Doc. 1) against numerous Defendants. Defendants filed motions to dismiss (Docs. 22, 24, 28, 31), to which Plaintiff responded (Docs. 30, 32, 34, 37), and on July 24, 2019, the Court held a hearing on the pending motions. See Minute Entry (Doc. 75; Hearing); see also Transcript of Motion Hearing (Doc. 77; Tr.), filed July 31, 2019. At the Hearing, the Court explained to Plaintiff, at length, the pleading standards required to state a claim for relief generally, as well as the heightened requirements applicable to his claims under Rule 9(b), Federal Rules of Civil Procedure (Rule(s)) and the Private Securities Litigation Reform Act (PSLRA), 15 U.S.C. § 78u-4 et seq. See Tr. at 7-11, 15-21. Because Plaintiff's Complaint failed to comply with these standards, and for the reasons stated on the record at the Hearing, the Court dismissed Counts I and III of the Complaint with prejudice, and dismissed the remaining Counts set forth in the Complaint without prejudice to Plaintiff filing

an amended complaint which complied with the Court's directives at the Hearing.  See Order (Doc. 76).  After obtaining an extension of time, see Order (Doc. 84), Plaintiff filed his First Amended Complaint (Doc. 85; Amended Complaint) on September 24, 2019.  Because Plaintiff once again fails to comply with the pleading standards required in federal court, the Court will strike the Amended Complaint and afford Plaintiff one final opportunity to properly state his claims.

While pro se complaints are held to a less stringent standard than those drafted by an attorney, Wright v. Newsome, 795 F.2d 964, 967 (11th Cir. 1986), the pro se litigant is still required to "'conform to procedural rules.'"  Riley v. Fairbanks Capital Corp., 222 F. App'x 897, 898 (11th Cir. 2007) (quoting Loren v. Sasser, 309 F.3d 1296, 1304 (11th Cir. 2002)).  Rule 8 of the Federal Rules of Civil Procedure (Rule(s)) requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief."  Rule 8(a)(2).  "'A complaint need not specify in detail the precise theory giving rise to recovery.  All that is required is that the defendant be on notice as to the claim being asserted against him and the grounds on which it rests.'"  Evans v. McClain of Ga., Inc., 131 F.3d 957, 964 n.2 (11th Cir. 1997) (citation omitted).  Despite Rule 8(a)'s liberal pleading requirement, "a complaint must still contain either direct or inferential allegations respecting all material elements of a cause of action."  Snow v. DirecTV, Inc., 450 F.3d 1314, 1320 (11th Cir. 2006) (emphasis omitted).  In addition, Rule 10 requires a plaintiff to state his claim "in numbered paragraphs, each limited as far as practicable to a single set of circumstances."  See Rule 10(b).  In addition, "[i]f doing so would promote clarity," Rule 10 requires that "each claim founded on a separate transaction or occurrence— . . . must be stated in a separate count . . . ."  See Rule 10(b).  Rules 8 and 10 work together

> "to require the pleader to present his claims discretely and succinctly, so that his adversary can discern what he is claiming and frame a responsive pleading, the court can determine which facts support which claims and whether the plaintiff has stated any claims upon which relief can be granted, and, at trial, the court can determine that evidence which is relevant and that which is not."

Fikes v. City of Daphne, 79 F.3d 1079, 1082 (11th Cir. 1996) (citation omitted).

Upon review, the Court finds that the Amended Complaint fails to comply with the foregoing Rules. Most egregiously, Plaintiff has drafted the Amended Complaint in essay format, in direct contravention of Rule 10's requirement that he utilize "numbered paragraphs, each limited as far as practicable to a single set of circumstances." Moreover, Plaintiff fails to specify which of the alleged facts in his "Statement of Facts" are intended to support which specific claims. Indeed, in the six counts of the Amended Complaint, Plaintiff merely recites the legal elements of the cause of action without incorporating or otherwise identifying the factual allegations purportedly supporting each such claim. As a result, it is impossible to discern "which facts support which claims and whether [Plaintiff] has stated any claims upon which relief can be granted . . . ." See Fikes, 79 F.3d at 1082. Significantly, at the Hearing, the Court expressly instructed Plaintiff that this manner of pleading was insufficient. See Tr. at 16 ("There's no attempt in any of those claims to actually incorporate or identify the specific facts that would support those claims which would then render them due to be dismissed."); id. at 26-27 ("[A]ll you do is state the elements of the claim, and that would be insufficient under Iqbal and Twombly.[1] So you actually have to identify the facts that support those allegations.").

In light of the foregoing, the Court will strike the Amended Complaint and provide Plaintiff with one final opportunity to properly state his claims. The Court emphasizes that

---

[1] Ashcroft v. Iqbal, 556 U.S. 662 (2009) and Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007).

3

its identification of certain drafting deficiencies in this Order is not intended to be comprehensive. Indeed, the Court declines to address at this time whether Plaintiff's allegations could satisfy the heightened pleading requirements of Rule 9(b) and the PSLRA. The Court previously discussed those requirements at the July 24, 2019 Hearing, and Plaintiff should carefully review both this Order and the Transcript of the Hearing in preparing a second amended complaint. Plaintiff is cautioned that failure to comply with the requisite pleading standards as set forth in this Order and at the Hearing, or otherwise applicable under the Federal Rules of Civil Procedure or other relevant legal authority, may result in the dismissal of this case without further notice. In light of the foregoing, it is

**ORDERED:**

1. Plaintiff's First Amended Complaint (Doc. 85) is **STRICKEN**.
2. Plaintiff shall have up to and including **November 1, 2019**, to file a second amended complaint. Failure to comply with the requisite pleading standards may result in dismissal of this action without further notice.
3. Defendants shall respond to the second amended complaint in accordance with the requirements of Rule 15 of the Federal Rules of Civil Procedure.

**DONE AND ORDERED** in Jacksonville, Florida this 4th day of October, 2019.

MARCIA MORALES HOWARD
United States District Judge

lc11

Copies to:

Counsel of Record
Pro Se Parties