**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION**

SCOTT MEIDE,

    Plaintiff,

vs.

                                    Case No. 3:18-cv-1037-J-34MCR

PULSE EVOLUTION CORPORATION,
et al.,

    Defendants.
_____/

# O R D E R

**THIS CAUSE** is before the Court on Plaintiff's Motion to Recuse with Memorandum of Law (Doc. 87; Motion) filed on October 22, 2019. In the Motion, Plaintiff requests that the undersigned recuse herself from presiding over this case pursuant to 28 U.S.C. § 144 and § 455. See generally Motion. On November 5, 2019, Defendants Pulse Evolution Corporation, Evolution AI Corporation, John Textor, Jordan Fiksenbaum and Frank Patterson filed a response in opposition to the Motion. See Pulse Defendants' Memorandum in Opposition to Plaintiff's Motion to Recuse (Doc. 91; Response). After obtaining an extension of time, see Endorsed Order (Doc. 90), Defendants Gregory Centineo, Agnes King, John King and Julie Natale filed a response in opposition to the Motion on November 12, 2019. See Defendants Centineo, Natale, Agnes King and John King's Memorandum in Opposition to Plaintiff's Motion to Recuse (Doc. 92).

Pursuant to 28 U.S.C. § 455(a), a district judge must recuse herself "in any proceeding in which [her] impartiality might reasonably be questioned." 28 U.S.C. § 455(a). The standard applied under § 455(a) is "'whether an objective, fully informed lay

observer would entertain significant doubt about the judge's impartiality.'" See Thomas v. Tenneco Packaging Co., Inc., 293 F.3d 1306, 1329 (11th Cir. 2002) (quoting Christo v. Padgett, 223 F.3d 1324, 1333 (11th Cir. 2000)). As a general rule, "'bias sufficient to disqualify a judge must stem from extrajudicial sources.'" Id. (quoting Hamm v. Bd. of Regents, 708 F.2d 647, 651 (11th Cir. 1983)). "The exception to this rule is 'when a judge's remarks in a judicial context demonstrate such pervasive bias and prejudice that it constitutes bias against a party.'" Id. (quoting Hamm, 708 F.2d at 651).

Similarly, to warrant recusal under § 144, "'the moving party must allege facts that would convince a reasonable person that bias actually exists.'" See Stringer v. Doe, 503 F. App'x 888, 890 (11th Cir. 2013) (quoting Christo, 223 F.3d at 1333). Notably, the statute requires a movant to provide a "sufficient affidavit" which "shall state the facts and the reasons for the belief that bias or prejudice exists . . . ." See 28 U.S.C. § 144. To be legally sufficient, the affidavit must contain: (1) facts that are "material and stated with particularity," (2) facts that if true, "would convince a reasonable person that a bias exists," and (3) facts that "show the bias is personal, as opposed to judicial, in nature." See United States v. Serrano, 607 F.2d 1145, 1150 (5th Cir. 1979);[1] see also United States v. Sykes, 7 F.3d 1331, 1339 (7th Cir. 1993) ("[T]he facts averred must be sufficiently definite and particular to convince a reasonable person that bias exists; simple conclusions, opinions,

---

[1] In Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent all the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

or rumors are insufficient."). In addition, the affidavit "shall be accompanied by a certificate of counsel of record stating that it is made in good faith." 28 U.S.C. § 144.[2]

In the Motion, Plaintiff contends that the Court must be biased against him based on an anonymous internet post about the undersigned, the Court's strong encouragement that Plaintiff obtain legal counsel to represent him in this action, and Plaintiff's disagreement with the Court's handling of the case. The undersigned has fully reviewed and considered the Motion and finds that there is no reason for the undersigned to recuse herself in this case. To the extent Plaintiff relies on an anonymous internet posting as support for his claim of bias, this is plainly insufficient. See United States v. Greenough, 782 F.2d 1556, 1558-59 (11th Cir. 1986) (affirming district court's denial of a motion to recuse premised on unsupported newspaper reports); Del Fuoco v. O'Neill, No. 8:09-cv-1262-T-27MAP, 2010 WL 454930, at *4 (M.D. Fla. Feb. 9, 2010) ("Anonymous blogs do not reflect a genuine lack of public confidence such that the court's impartiality might reasonably be questioned under § 455."). As the Eleventh Circuit instructed in Greenough, "a charge of partiality must be supported by facts," and "a judge considering whether to disqualify [herself] must ignore rumors, innuendos, and erroneous information

---

[2] Although Plaintiff's Motion is accompanied by an affidavit, see Affidavit of Plaintiff Scott Meide in Support of Motion to Recuse (Doc. 87-1), the affidavit does not contain a certificate of good faith. The Court could deny Plaintiff's request for relief under § 144 on this basis alone. See Guthrie v. Wells Fargo Home Mortg. NA, Civil Action No. 1:13-CV-4226-RWS, 2015 WL 1401660, at *2 (N.D. Ga. Mar. 26, 2015) ("In light of the mandatory and automatic nature of recusal under the statute, its potential for abuse, and the availability of other statutory mechanisms pursuant to which an unrepresented litigant may seek recusal of a federal judge, the absence of such a certificate has proven fatal to even the § 144 motions of pro se litigants.") (collecting cases). Indeed, some courts have found that § 144 is not available to pro se litigants as an avenue for recusal because they are unable to submit a certificate from "counsel of record." See, e.g., Williams v. N.Y.C. Hous. Auth., 287 F. Supp. 2d 247, 249 (S.D.N.Y. 2003); see also Morrison v. United States, 432 F.2d 1227, 1229 (5th Cir. 1970) (declining to consider whether an affidavit without a certificate of good faith would have been sufficient if the movant had proceeded without counsel). Regardless, for the reasons discussed below, Plaintiff fails to establish an adequate factual basis for his claims of bias.

published as fact . . . ." See Greenough, 782 F.2d at 1558 (internal quotation omitted). As such, Plaintiff's reliance on an anonymous internet posting as evidence of the undersigned's improper bias is unavailing.

In addition, the Court's remarks during the July 24, 2019 hearing encouraging Plaintiff to obtain legal representation do not demonstrate any improper prejudice against Plaintiff, much less the type of "pervasive bias and prejudice" that could warrant recusal. See Thomas, 293 F.3d at 1329-30; see also Christo, 223 F.3d at 1333-34. Indeed, "[a]dvising a pro se litigant that he may be at a disadvantage and that it might be prudent to obtain counsel is a function normally performed by a judge." See Jarallah v. Simmons, No. 1:04-CV-3636-JEC, 2006 WL 8431953, at *5 (N.D. Ga. Jan. 12, 2006); see also, e.g., Jerome v. Barcelo Crestline, Inc., No. 1:07-cv-0447-WSD, 2008 WL 11297400, at *2 n.4 (N.D. Ga. Apr. 4, 2008) ("strongly" encouraging pro se plaintiff to obtain counsel); Yates v. Ryder Truck Rentals, No. 8:07-cv-1144-T-23MAP, 2007 WL 2993967, at *1 n.3 (M.D. Fla. Oct. 11, 2007) (urging pro se plaintiff to obtain the assistance of counsel); Schebel v. Charlotte Cnty., 833 F. Supp. 889, 890 (M.D. Fla. 1993) ("strenuously" encouraging pro se plaintiff to obtain legal counsel). Similarly, Plaintiff's displeasure with the Court's rulings provides no basis for recusal. See Stringer, 503 F. App'x at 890 ("Judicial rulings standing alone rarely constitute a valid basis for a bias or partiality motion."); McWhorter v. City of Birmingham, 906 F.2d 674, 678-79 (11th Cir. 1990); Ivey v. Snow, Civil Action No. 1:05-CV-1150-JOF, 2007 WL 1810213, at *2 (N.D. Ga. June 21, 2007).

As such, the undersigned is obligated to continue to preside over this matter. See Greenough, 782 F.2d at 1558 ("[A] judge, having been assigned to a case, should not recuse [herself] on unsupported, irrational, or highly tenuous speculation."); Lawal v.

Winners Int'l Rests. Co. Operations, Inc., No. 1:04-CV-0913-WSD, 2006 WL 898180, at *4 (N.D. Ga. Apr. 6, 2006) ("'A trial judge has as much obligation not to recuse [her]self when there is no reason to do so as [s]he does to recuse [her]self when the converse is true.'"); United States v. Malmsberry, 222 F. Supp. 2d 1345, 1349 (M.D. Fla. 2002) ("[A] judge has as strong a duty to sit when there is no legitimate reason to recuse as [s]he does to recuse when the law and facts require."). In light of the foregoing, it is

**ORDERED:**

Plaintiff's Motion to Recuse with Memorandum of Law (Doc. 87) is **DENIED**.

**DONE AND ORDERED** in Jacksonville, Florida this 18th day of November, 2019.

MARCIA MORALES HOWARD
United States District Judge

lc11
Copies to:

Counsel of Record
Pro Se Parties