**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

SCOTT MEIDE,

    Plaintiff,

Case No. 3:18-cv-1037-J-34MCR

vs.

PULSE EVOLUTION CORPORATION,
et al.,

    Defendants.
_____/

## O R D E R

**THIS CAUSE** is before the Court on Plaintiff's Opposition to Defendant Pulse et al Dispositive Motion (Doc. 108; Response), filed on December 31, 2019. Upon review of the Response, the Court notes that Plaintiff concludes by "adopt[ing] and incorporat[ing] by reference his previous oppositions in this case." See Response at 9. However, adopting and incorporating by reference the arguments in prior briefing violates the page limit requirements set forth in Local Rule 3.01(b), United States District Court, Middle District of Florida (Local Rule(s)), and places an undue burden on judicial resources. Accordingly, the Court will strike the Response and direct Plaintiff to re-file an appropriate Response which sets forth the entirety of his arguments in response to the Pulse Defendants' Motion to Dismiss (Doc. 98) in one document.

As aptly explained in Mobile Shelter Sys. USA, Inc. v. Grate Pallet Solutions, LLC, 845 F. Supp. 2d 1241 (M.D. Fla. 2012), incorporation by reference "foists upon the Court the burden of sifting through irrelevant materials to find the materials referenced while permitting the [respondent] to circumvent this Court's page limit requirement." See Mobile

Shelter, 845 F. Supp. 2d at 1253 aff'd in part, 505 F. App'x 928 (11th Cir. 2013). Significantly, the page limit requirement is not designed to burden the parties, but to conserve judicial resources by "focus[ing] the parties' attention on the most pressing matters and winnow[ing] the issues to be placed before the Court . . . ." Id. at 1253. By filing the instant Response and incorporating his prior briefing as well, Plaintiff has done no "winnowing" and instead has engaged in a "throw-the-spaghetti-and-see-what-sticks motion practice [which] leads to imprecise and inartful briefing." See Gov't Employees Ins. Co. v. Path Medical, Case No. 8:17-cv-2848-T-17TGW, ECF No. 79 at 2 (M.D. Fla. entered Mar. 2, 2018) (order denying motions to dismiss without prejudice).

Here, Plaintiff has filed numerous response briefs over the course of this action, such that it is unclear what "previous oppositions" he seeks to incorporate in this current Response. To incorporate them all would well exceed the 20-page limit set by Local Rule 3.01(b). More importantly, much of the material incorporated would be redundant or irrelevant, but it would fall to the Court to sift through this voluminous briefing to determine what portions of the incorporated briefs add anything new to the arguments, and extrapolate how such arguments might apply in context of the current version of the pleadings. This is not a proper or efficient use of judicial resources. Indeed, at the July 24, 2019 Hearing in this case, the Court specifically addressed the impropriety of this practice. See Motion Hearing Transcript (Doc. 77) at 29-30.

Accordingly, the Court will strike the Response and provide Plaintiff with the opportunity to file an amended response which sets forth the entirety of his arguments. In light of the foregoing, it is **ORDERED:**

1. Plaintiff's Opposition to Defendant Pulse et al Dispositive Motion (Doc. 108) is **STRICKEN**.

2. Plaintiff shall have up to and including **January 23, 2020**, to file an amended response which complies with the requirements of this Order and the Local Rules of this Court.

**DONE AND ORDERED** in Jacksonville, Florida this 9th day of January, 2020.

*MARCIA MORALES HOWARD*
United States District Judge

lc11
Copies to:

Counsel of Record
Pro Se Party

- 3 -