UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

SCOTT MEIDE,

    Plaintiff,

v.                                             Civil Action File No.:

                                                       3:18-CV-01037-MMH-MCR

PULSE EVOLUTION, CORP.,
JOHN TEXTOR, GREORY CENTINEO,   **Motion for Extension of Time**
JULIE NATALE, DANA TEJADA,
AGNES KING, JOHN KING,
EVOLUTION AI CORP.,
JORDAN FIKSENBAUM,
LAURA ANTHONY, and
FRANK PATTERSON.
        Defendants.
_____/

**PLAINTIFF'S MOTION FOR EXTENSION OF TIME
TO SUBSTITUTE REAL PARTY-IN INTEREST,
FILE AN AMENDED COMPLAINT AND
<u>OTHERWISE RESPOND TO OUTSTANDING MOTIONS</u>**

COMES NOW Plaintiff Scott Meide, and real party-in-interest Jacksonville Injury Center, LLC ("JIC"), and pursuant to Fed. R. Civ. P. 6(b) requests the Court grant to Plaintiff Scott Meide and Jacksonville Injury Center and extension of time of twenty (20) days to file the following:

1. A motion for substitution of parties pursuant to Fed. R. Civ. P. 17, substituting JIC for Mr. Meide.[1]

2. An Amended Complaint in compliance with previous court orders.

3. Responses as appropriate to the several outstanding motions to dismiss filed by the various defendants.

Undersigned counsel has only recently become involved with the above-styled matter, understands that the Court has expressed concerns about the pleadings filed by Plaintiff, especially with regard to the pleaded causes of action, and has established response dates. Counsel requests a brief window of opportunity to prepare pleadings as appropriate so that the Court's instructions and concerns may be satisfied.

Plaintiff would show that the request for extension of time is not frivolous and that there is evidence at a minimum of misrepresentations made by one or more of the defendants in this matter to Plaintiff, and/or to the Court. For example, Defendants Pulse Evolution Corporation ("PEC"), Evolution AI Corporation ("EAI"), Jordan Fiksenbaum, Frank Patterson and

---

[1] Undersigned counsel understands that no extension of time is actually needed for the Rule 17 motion substituting JIC for Scott Meide in this action. The purpose of including the Rule 17 motion in this Motion for Extension of Time is to create an overarching deadline for the submission of all pleadings to the Court.

John Textor submitted a Motion to Dismiss Plaintiff's Complaint on September 25, 2018, (Docket Entry 22), that misrepresented to the Court the existence of a Share Exchange Agreement between real party-in-interest JIC and Pulse Acquisition Corporation ("PAC"). The purported existence of this Agreement was used as a defense against Plaintiff Meide's claims. (Docket Entry 22, page 4). However, there could be no contract between JIC and PAC because PAC did not exist as of the date of the Share Exchange Agreement. The Agreement purportedly was signed January 11, 2018. However, PAC was not created until September 18, 2018, more than nine (9) months after the Share Exchange Agreement was signed. *See* Meide, Exhibits 1 and 2. Any and all defenses premised on language appearing in the Share Exchange Agreement are therefore void, *ab initio*.

Additionally, there is evidence suggesting John Textor treated the corporate forms of PAC, PEC and EAI as his personal entities through which he effected his personal plans and wishes without regard to corporate form. For example, when EAI was formed on November 21, 2017, the Articles of Incorporation show at Article IV that 1 million shares of common stock were authorized. *See* Meide, Exhibit 3. John Textor was the incorporator, initial officer and registered agent for the company. *Id.* Thereafter, on July 2, 2018,

EAI filed Amended and Restated Articles of Incorporation in which, at Article 6, the number of authorized shares was increased from 1 million to 50 million. *See* Meide Exhibit 4.  Prior to EAI filing its Amended and Restated Articles of Incorporation, increasing its authorized shares to 50 million, Mr. Textor presented JIC, through Scott Meide, with a Securities Purchase Agreement that is dated January 2, 2017 for the purchase of 100,000 shares of stock in EAI.  *See* Meide Exhibit 5.  At Section 4 (c) of the Securities Purchase Agreement, EAI represents that its authorized capital "consists of a total of up to 50,000,000 shares of common stock…."  Note there are clauses in the Securities Purchase Agreement that suggests the actual date of the agreement is January 2, 2018, and that the 2017 date is a typographical error, even though it appears twice in the agreement.  Nonetheless, even allowing for the typographical error, these documents show that Mr. Textor and EAI were representing that the company was capitalized at 50 million shares of stock at least six (6) full months before it actually was.

      At Section 1(b) of the Securities Purchase Agreement appears the following language: "Buyer shall have the right to exchange its Pulse Shares into shares of PAC, pursuant to the Exchange Agreement."  Section 1(b) appears in Exhibit 5.  The Exchange Agreement is attached as Exhibit 1.

Neither the Securities Purchase Agreement, nor the Exchange Agreement establish how EAI has the contractual authority to obligate a separate corporate entity, PAC, to exchange Pulse shares for PAC shares as per the language of Section 1(b).

The common factor in each of these examples of corporate incongruity is John Textor. This evidence suggests that a claim against Mr. Textor personally for fraudulent acts of the several identified companies would not be frivolous.

Mr. Meide, and real party-in-interest JIC do not purport to set out their claims against defendants in this motion for extension of time. Rather, Mr. Meide and JIC wish to show that there are facts that are not frivolous and which suggest the existence of supportable causes of action, which may be appropriately set out in formal complaint plead in compliance with existing orders of this Court.

## Conclusion

WHEREFORE, Mr. Meide and JIC, through counsel, request an extension of time of 20 days up to an including July 1, 2020 within which to file a Motion for Substitution of Parties, and Amended Complaint, and responses to the several outstanding defense motions as appropriate.

Respectfully submitted this 11th day of June, 2020.

            MCLEAN LAW, P.A.

            *W.H. McLean*/s
            William H. McLean
            Fla. Bar No. 0784699
            653 West 23rd Street
            Unit No. 305
            Panama City, Florida 32405
            404-664-6561 Office
            850-373-4825 Facsimile
            Whmclean58@hotmail.com

## **CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing Motion for Extension of Time upon Defendants through counsel via E-Service; United States Mail postage paid, and/or by email to Defendant's counsel's offices at:

| | |
|---|---|
| Richard G. Salazar | Michael J. Lufkin |
| BUCHANAN, INGERSOLL & ROONEY. | ROGERS TOWERS, P.A. |
| 401 East Jackson Street | 1301 Riverplace Boulevard |
| Suite 2400 | Suite 1500 |
| Tampa, FL 33602 | Jacksonville, Florida 32207 |
| Richard.salazar@bipc.com | mlufkin@RTlaw.com |

> For Defendant Pulse Evolution Corporation
> For Defendant John Textor
> For Defendant Evolution AI Corporation
> For Defendant Jordan Fiksenbaum
> For Defendant Frank Patterson

| | |
|---|---|
| Michael Devon Lee | Richard Kyle Gavin |
| THE LILES FIRM, P.A. | Office of the General Counsel |
| 301 West Bay Street | 117 West Duval Street |
| Suite 1030 | Suite 480 |
| Jacksonville, Florida 32202 | Jacksonville, Florida 32202 |
| mlee@thelilesfirm.com | kgavin@coj.net |

> For Defendant Greg Centineo
> For Defendant Julie Natale
> For Defendant Agnes King
> For Defendant John King

Dana Tejeda
245 N.E. 14th Street
Number 3808
Miami, Florida 33132
Appearing *pro se*

Robert Francis Salkowski
ZARCO, EINHORN, SALKOWSKI & BRITO, P.A.
2 South Biscayne Boulevard
Suite 3400
Miami, Florida 33131
rsalkowski@zarcolaw.com
For Defendant Laura Anthony

on this 11th day of June 2020.

*W.H. McLean*/s

William McLean
Fla. Bar No. 0784699