**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION**

SCOTT MEIDE,

      Plaintiff,

vs.　　　　　　　　　　　　　　　　　　Case No. 3:18-cv-1037-MMH-MCR

PULSE EVOLUTION CORPORATION,
et al.,

      Defendants.
_____/

**O R D E R**

**THIS CAUSE** is before the Court on the Report and Recommendation (Doc. 182; Report) entered by the Honorable Monte C. Richardson, United States Magistrate Judge, on August 23, 2022. In the Report, Judge Richardson recommends that Defendants' motions for attorneys' fees and costs (Docs. 171, 172, 174) be granted to the extent that judgments be entered as set forth in the Report. See Report at 2, 45. No objections to the Report have been filed, and the time for doing so has now passed.

The Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b). Pursuant to Rule 72, Federal Rules of Civil Procedure (Rule(s)), the Court "must determine de novo any part of the magistrate judge's disposition that has been

- 1 -

properly objected to." See Rule 72(b)(3); see also 28 U.S.C. § 636(b)(1). However, a party waives the right to challenge on appeal any unobjected-to factual and legal conclusions. See 11th Cir. R. 3-1.[1] As such, the Court reviews those portions of the Magistrate Judge's findings to which no objection was filed for plain error and only if necessary, in the interests of justice. See id.; see also Thomas v. Arn, 474 U.S. 140, 150 (1985) ("It does not appear that Congress intended to require district court review of a magistrate [judge's] factual or legal conclusions, under a de novo or any other standard, when neither party objects to those findings."); Dupree v. Warden, 715 F.3d 1295, 1304-05 (11th Cir. 2013) (recommending the adoption of what would become 11th Circuit Rule 3-1 so that district courts do not have "to spend significant amounts of time and resources reviewing every issue—whether objected to or not.").

Upon independent review of the file and for the reasons stated in the Magistrate Judge's Report, the Court will accept and adopt the legal and factual conclusions recommended by the Magistrate Judge with a minor modification.[2] Accordingly, it is hereby

---

[1] The Magistrate Judge properly informed the parties of the time period for objecting and the consequences of failing to do so. See Report at 1 n.1.

[2] The paralegal fees of Nadia Espinoza appear to have been inadvertently excluded from the mathematical calculation on page 19. Because the paralegal's hourly rate is reasonable, and Plaintiff raised no challenge to the work she performed, the fees incurred for her services after Mr. McLean's appearance will be included in the amount awarded to Laura and Michael Anthony for which Plaintiff and Mr. McLean will be jointly and severally liable.

**ORDERED:**

1. The Report and Recommendation (Doc. 182) is **ADOPTED** as the opinion of the Court.

2. Defendants Centineo, Natale, Agnes King and John King's Supplemental Motion for Amount of Attorneys' Fees to Be Awarded as Sanctions (Doc. 171), Defendants Laura Anthony's and Michael Anthony's Verified Supplemental Memorandum on Attorneys' Fees and Costs (Doc. 172), and Pulse Defendants' Supplemental Motion as to Amount of Attorneys' Fees and Incorporated Memorandum of Law (Doc. 174) are **GRANTED** to the extent set forth below.

3. The Clerk of the Court is **DIRECTED** to enter a judgment in favor of Defendants, Laura Anthony and Michael Anthony, and against Plaintiff, Scott Meide, for attorneys' fees in the amount of $12,620.00, and a separate judgment in favor of Defendants, Laura Anthony and Michael Anthony, and against Plaintiff, Scott Meide, and his counsel, William H. McLean, jointly and severally, for attorneys' fees in the amount of $11,019.50.[3]

---

[3] The Court has mathematically adjusted the judgment so that the paralegal fees are properly reflected as incurred after Mr. McLean's appearance, and thus borne jointly and severally by Scott Meide and William H. McLean.

4. The Clerk of Court is **DIRECTED** to enter a judgment in favor of Defendants, Gregory Centineo, Julie Natale, Agnes King, and John King, and against Plaintiff, Scott Meide, for attorneys' fees in the amount of $43,215.00.

5. The Clerk of Court is **DIRECTED** to enter a judgment in favor of Defendants, Pulse Evolution Corporation, Evolution AI Corporation, John Textor, Jordan Fiksenbaum, and Frank Patterson, and against Plaintiff, Scott Meide, for attorneys' fees in the amount of $68,387.00.

6. The Clerk of the Court is further **DIRECTED** to terminate any pending motions and close the file.

**DONE AND ORDERED** in Jacksonville, Florida this 14th day of September, 2022.

_____
MARCIA MORALES HOWARD
United States District Judge

ja

Copies to:
Counsel of Record
Pro Se Parties