UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

SCOTT MEIDE,

    Plaintiff,

v.                                  Case No. 3:18-cv-01037-MMH-MCR

PULSE EVOLUTION CORPORATION,
et al.,

    Defendants.
_____/

## REPORT AND RECOMMENDATION[1]

**THIS CAUSE** is before the Court on Defendants' Motion for an Order Directing Plaintiff to Complete Fact Information Sheet with Incorporated Memorandum of Law ("Motion"). (Doc. 194.) Therein, Defendants represent that they were unable to contact Plaintiff in accordance with Local Rule 3.01(g), and Plaintiff has not otherwise responded to this Motion. (Doc. 194 at 4.) Thus, Defendants' Motion is unopposed. For the reasons stated herein, the undersigned **RECOMMENDS** that Defendants' Motion be **GRANTED**.

---

[1] "Within 14 days after being served with a copy of [this Report and Recommendation], a party may serve and file specific written objections to the proposed findings and recommendations." Fed.R.Civ.P. 72(b)(2). "A party may respond to another party's objections within 14 days after being served with a copy." *Id*. A party's failure to serve and file specific objections to the proposed findings and recommendations alters the scope of review by the District Judge and the United States Court of Appeals for the Eleventh Circuit, including waiver of the right to challenge anything to which no specific objection was made. *See* Fed.R.Civ.P. 72(b)(3); 28 U.S.C. § 636(b)(1)(B); 11th Cir. R. 3-1.

### I.  Background

On September 15, 2022, this Court entered judgment in favor of Defendants Gregory Centineo, Julie Natale, Agnes King and John King (collectively, "Defendants") in the amount of $43,215.00 ("Judgment").  (Doc. 186.)  Plaintiff Scott Meide ("Plaintiff") appealed the Judgment, which was affirmed on December 13, 2023.  (Doc. 192.)  Then, on July 16, 2024, Plaintiff docketed a Petition for Certiorari.  *See Meide v. Pulse Evolution Corp.*, No. 22-13404, 2023 WL 8613815 (11th Cir. Dec. 13, 2023).  Notably, however, there is no stay in this case, yet Plaintiff has failed to satisfy the Judgment.

Consequently, Defendants seek an order directing Plaintiff to complete the Fact Information Sheet provided by Florida Rule of Civil Procedure 1.977(b).  (Doc. 194.)  Defendants cite both Federal and Florida Rules of Civil Procedure, which taken together require courts to compel the completion of the Fact Information Sheet at the request of the judgment creditor, *i.e.,* Defendants in this case.  (*Id.* at 2-4.)  Defendants state that they have "conducted a nationwide bankruptcy search and other due diligence in order to ascertain whether [Plaintiff] has filed bankruptcy or has been discharged from the Final Judgment."  (*Id.* at 2.)  However, Defendants' research and review have revealed no bankruptcy or discharge on behalf of Plaintiff.  (*Id.*)

## I.  Standard

Because the Court has entered final judgment against Plaintiff, Federal Rule of Civil Procedure 69(a)(2) allows Defendants to conduct discovery in aid of execution, providing that:

> In aid of the judgment or execution, the judgment creditor, or a successor in interest whose interest appears of record may obtain discovery from any person—including the judgment debtor—as provided in these rules or by the procedure of the state where the court is located.

Fed. R. Civ. P. 69(a)(2).  Pursuant to Rule 69, "the Court looks both to the Federal Rules of Civil Procedure and the Florida Rules of Civil Procedure." *Pronman v. Styles*, No. 12-80674-CIV, 2016 WL 4618087, at *2 (S.D. Fla. Aug. 19, 2016) (citing Fed.R.Civ.P. 69(a)(2)).

The relevant Florida Rule of Civil Procedure makes clear that in any final judgment, the prevailing party may request the Court to instruct the judgment debtor to complete under oath the Florida Rule of Civil Procedure Form 1.977.  Fla.R.Civ.P. 1.560(a).  The rule further states, "the court, at the request of the judgment creditor, *shall* order the judgment debtor or debtors to complete the fact information sheet, including all required attachments, within 45 days of the order or such other reasonable time as determined by the court."  Fla.R.Civ.P. 1.560(b) (emphasis added).

On this basis, federal courts interpreting the Florida rule have routinely held that judgement creditors are entitled to broad discovery as a

3

matter of right. *See Zabielinksi v. Barley Hosp. Grp.*, LLC, No. 19-20954-CIV, 2020 WL 13539054, at *1 (S.D. Fla. Nov. 16, 2020) ("As a judgment creditor, Plaintiff is entitled to "broad discovery" into Defendants' assets"); *Kipu Sys. LLC v. ZenCharts LLC*, No. 17-24733-CIV, 2021 WL 3036555, at *2 (S.D. Fla. June 15, 2021) ("Plaintiff is also entitled to the information requested under the Florida Rules of Civil Procedure because – as a judgment creditor – a court must compel a judgment debtor to complete form 1.977."); *Storey v. Cap. Link Mgmt., LLC*, No. 2:21-CV-293-SPC-NPM, 2022 WL 218779, at *1 (M.D. Fla. Jan. 25, 2022) ("Thus, as of right, [a judgment creditor] is entitled to receive a complete fact information sheet from [the judgment debtor].")

## II.   Analysis

As there is no stay in this case, discovery in aid of execution is appropriate. See *Govt. Employees Ins. Co. v. Right Spinal Clinic*, Inc., No. 820CV00802KKMAAS, 2023 WL 8479013 (M.D. Fla. Dec. 7, 2023) (citing *Nat'l Serv. Indus., Inc. v. Vafla Corp.*, 694 F.2d 246, 250 (11th Cir. 1982) ("If a judgment may be executed upon after an appeal has been filed, certainly discovery in aid of its execution is not precluded by the filing of an appeal.")). Further, given the lack of opposition by Plaintiff, the undersigned finds no reason to deviate from the routine practice of granting a judgment creditor's request to compel the completion of the Fact Information Sheet. *See, e.g., PNC Bank, N.A. v. Starlight Properties & Holdings, LLC*, No. 6:13-CV-408-

4

ORL, 2014 WL 2574040, at *2 (M.D. Fla. June 9, 2014) (entering default judgment and requiring the judgment debtors to complete Form 1.977); *PNC Bank, N.A. v. Kimbrough & Associates, LLC*, No. 6:13-CV-1558ORL28KRS, 2015 WL 327533, at *13 (M.D. Fla. Jan. 23, 2015) (same); *Am. Home Assur. Co. v. Weaver Aggregate Transp., Inc.*, 298 F.R.D. 692, 693 (M.D. Fla. 2014) (granting judgment creditor's motion to require judgment debtors to complete and serve Form 1.977). Thus, compelling Plaintiff to complete such in this case at Defendants' request is proper.

Upon consideration of the Motion, the docket, the relevant law and rules, and the lack of opposition, it is respectfully **RECOMMENDED** that:

1. Defendants' Motion for an Order Directing Plaintiff to Complete Fact Information Sheet (**Doc. 194**) be **GRANTED**.

2. Plaintiff be directed to complete under oath Form 1.977(b) of the Florida Rules of Civil Procedure, including all required attachments, and serve it on Defendant's counsel within forty-five (45) days of entry of the Court's Order on this Report and Recommendation

**DONE AND ORDERED** at Jacksonville, Florida, on September 18, 2024.

MONTE C. RICHARDSON
UNITED STATES MAGISTRATE JUDGE

Copies to:

The Hon. Marcia M. Howard
Chief United States District Judge

Counsel of Record

6